# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANESSA HOSBACH, | : | CIVIL ACTION |
|     Plaintiff | : | |
|     v. | : | |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of the | : | |
| Social Security Administration, | : | |
|     Defendant | : | NO. 19-1921 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                              November 13, 2019

       Vanessa Hosbach ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. Plaintiff has filed a brief in support of her request for review and the Commissioner has responded to it. Plaintiff has submitted a reply brief. For the reasons set forth below, Plaintiff's Request for Review is granted and the case remanded.

## I.     PROCEDURAL HISTORY[1]

       On September 1, 2015, Plaintiff applied for DIB and SSI benefits, alleging disability based on rheumatoid arthritis ("RA"), diabetes, depression, suppressed immunity, and fibromyalgia beginning November 7, 2014; her date last insured is December 31, 2019. Pl. Br. at 1; Resp. at 3; R. 11-12. Plaintiff amended her alleged onset date to October 1, 2015, in her brief to the Appeals Council, to correlate with the date she stopped working. R. 757; Pl. Br. at 1. The Social Security

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Motion for Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

Administration denied Plaintiff's claim twice, therefore, she requested a hearing. R. 556-63. 564-69; Pl. Br. at 1; Resp. at 3.

On April 4, 2018, Plaintiff appeared before Bonnie Hannan, Administrative Law Judge ("the ALJ"), for her video hearing; Plaintiff, represented by an attorney, and a vocational expert, Diane Haller ("the VE"), testified at the hearing. R. 483-517. On July 31, 2018, the ALJ, using the sequential evaluation process for disability[2], issued an unfavorable DIB decision. R. 25-35. Plaintiff timely appealed and offered additional evidence and a supporting brief, R. 757-772; however, on March 8, 2019, the Appeals Council denied her appeal. R. 1-8. On May 13, 2019, Plaintiff now seeks judicial review from this Court; both parties have consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c).

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether or not an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

## II. FACTUAL BACKGROUND

A. <u>Personal History</u>

Plaintiff, born on July 22, 1979, R. 701, R. 489, was 38 years old on the date of the administrative hearing. R. 489. She is 5 feet, 5 inches tall and weighs approximately 320 pounds. R. 705. Plaintiff possesses a high school diploma and completed one year of college. R. 491, R. 704. She last worked for 16 years as a credentialing coordinator at St. Luke's Hospital. R. 492. Plaintiff currently resides with her husband and eleven-year-old daughter in East Stroudsburg, Pennsylvania. R. 489-490.

B. <u>Plaintiff's Testimony</u>

Plaintiff testified about her impairments, at the April 4, 2018 administrative hearing. R. 483-517. She stated that her RA and compromised immune system adversely impact her ability to work. R. 494. Plaintiff reported she is unable to take medication for her RA when she is suffering from any other illness or infection. R. 494-95. She testified that, as a result of her ailments, some days she is unable to get out of bed, struggles to sit and stand, cannot bend over, and cannot lift. R. 494. She struggles to write, use a knife, bathe and dress herself without her husband's or daughter's assistance. R. 499. Furthermore, Plaintiff has arthritis in her spine and asthmatic bronchitis. R. 499, R. 505.

Plaintiff stated that her weight, which fluctuates from 300 to 340 pounds, R. 490-91, requires use of a cane to ambulate at home and a handrail in the bathroom beside the toilet to assist her; she has had multiple steroid injections in her knees which creak and swell. R. 504-506.

C. <u>Vocational Testimony</u>

At the administrative hearing, the VE classified Plaintiff's prior credentialing coordinator position as sedentary. R. 511-12. The ALJ asked the VE a series of hypothetical questions that

3

consider a person of Plaintiff's age, education, past sedentary[3] work experience, with occasional ability to climb ramps and stairs, but no ability to climb ladders, ropes or scaffolds, kneel, crouch or crawl, or work at unprotected heights or with moving mechanical parts. R. 512. The VE responded that this individual, generally, could perform Plaintiff's past job of credentialing coordinator. *Id*. The ALJ asked whether there would be any other work that an individual in the hypothetical could perform. The VE identified three suitable sedentary jobs: (1) new account clerk (45,000 positions nationally), (2) touch-up inspector, electronics (38,000 jobs nationally), and (3) final assembler (33,000 positions nationally). R. 512-13.

Next, the ALJ asked the VE to consider the same person, but with additional limitations on frequent bilateral handling, fingering and feeling. R. 513. The VE answered that these restrictions still would allow the person to generally perform Plaintiff's past work. *Id*. These hand problems would preclude work as a touch-up inspector; however, the individual could work as a screener for printed circuits (42,000 positions nationally), instead. *Id*. The VE opined that, although an individual who required a cane could perform the credentialing clerk position as the job is generally performed, they would not be able perform Plaintiff's actual job, because it also required carrying 30 pound boxes of files. R. 514. The ALJ asked whether the same individual would be able to perform the new account clerk, final assembler and the screener for printed circuits jobs; the VE responded that the person would be able to do so. *Id*. The VE further testified that any such employees would be under fairly direct supervision, could not be off task more than five percent of the time on a regular basis, and could not be absent more than a once a month during the first year of employment. *Id*. Finally, the VE confirmed that her testimony was consistent

---

[3]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties." 20 C.F.R. §§ 404.1567(a), 416.967(a).

with the Dictionary of Occupational Titles; some testimony regarding off task time and absenteeism was based on her professional experiences. R. 514-15.

### III. THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. The [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2019.

2. The [Plaintiff] engaged in substantial gainful activity during the following periods: from November 2014 to October 2015 (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3. However, there has been a continuous 12-month period(s) during which the [Plaintiff] did not engage in substantial gainful activity. The remaining findings address the period(s) the [Plaintiff] did not engage in substantial gainful activity.

4. The [Plaintiff] has the following severe impairments: inflammatory arthritis, obesity, asthma, and bilateral osteoarthritis of the knee (20 CFR 404.1520(c)).

5. The [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

6. After careful consideration of the entire record, the undersigned finds that the [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except for the following limitations. The [Plaintiff] can occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds. The [Plaintiff] can occasionally balance and stoop. The [Plaintiff] can never kneel, crouch, or crawl. The [Plaintiff] can never work at unprotected heights or around moving mechanical parts. The [Plaintiff] can occasionally work in humidity and wetness as well as in dust, odors, fumes and pulmonary irritants. The [Plaintiff] can never work in extreme cold or in extreme heat. She can handle items frequently with the left hand, and can handle items frequently with the right hand. She has fingering limitations frequently with the left hand, and has fingering limitations frequently with the right

>    hand. The [Plaintiff] has feel[ing] limitations frequently on the left and has feel[ing] limitations frequently on the right.
>
> 7. The [Plaintiff] is capable of performing past relevant work as an employment clerk[4]. This work does not require the performance of work-related activities precluded by the [Plaintiff's] residual functional capacity (20 CFR 404.1565).
>
> 8. The [Plaintiff] has not been under a disability, as defined in the Social Security Act, from November 7, 2014 through the date of this decision (20 CFR 404.1520(f)).

R. 27-28, 31, 34-35.

## IV. DISCUSSION

Applying the sequential evaluation process, the ALJ determined that Plaintiff engaged in substantial gainful activity from November 2014 to October 2015, however, there was a continuous 12-month period during which she did not engage in such activity. R. 27-28. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart 4, Appendix 1. R. 30. The ALJ concluded that Plaintiff possessed the residual functional capacity ("RFC") to perform a limited range of sedentary work, including her past work, and, hence, was not disabled. R. 31.

Plaintiff first raises a procedural issue. She argues that the ALJ formed her decision on the mistaken belief that a gap existed in Plaintiff's treatment from July 2016 to October 2017; although, Plaintiff submitted additional evidence for that time frame to the Appeals Council, in August 2018, after the ALJ issued her decision. Pl. Br. at 14-15; R. 2. This submission included 432 pages of treatment records from Coordinated Health Systems ("CHS"), R. 2, (dated February 2, 2016 to August 17, 2018) along with ten pages of laboratory results from Quest Diagnostics,

---

[4] The VE classified Plaintiff's credentialing coordinator work as "employment clerk" under the Dictionary of Occupational Titles (DOT). R. 511-12.

(dated January 27, 2017). Pl. Br. at 15; R. 2. The Appeals Council did not grant Plaintiff's appeal based upon these late records. R. 2. Plaintiff contends that this new evidence would have changed the ALJ's decision. Pl. Br. at 16. Notably, the ALJ remarked upon this gap in treatment, notwithstanding Plaintiff's hearing testimony regarding ongoing visits and taking prescribed medication during the alleged gap. *Id*. Plaintiff argues that the new evidence refutes the ALJ's finding of a break in treatment and the Appeals Council's failure to consider the new evidence constitutes legal error[5]. *Id*.

The Commissioner contends that Plaintiff's "new" evidence submitted to the Appeals Counsel cannot be considered, because Plaintiff has not established that she could not have submitted those records prior to the ALJ's July 2018 decision. Resp. at 6-7. The Commissioner further maintains that the ALJ's decision is properly supported in all regards. This Court finds to the contrary and will remand, pursuant to Sentence Six of § 405(g).

Sentence Six of §405(g) governs remands to the Commissioner regarding new evidence not previously presented to the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). Under Sentence Six, a district court does not rule on the "correctness of the Secretary's decision," but rather, remands for further administrative proceedings. *Melkonyan v. Sullivan*, 501 U.S. 89, 98; 111 S. Ct. 2157, 2163 (1991).

> "[A] district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather [it] remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id*.

---

[5] Furthermore, Plaintiff maintains that the ALJ committed five reversible errors: (1) making a determination that Listing 14.09 is not met or equaled; (2) the ALJ's RFC assessment for sedentary work lacks the function-by function analysis, as required by SSR 96-8p and improperly discounts Plaintiff's subjective symptoms; (3) the ALJ's RFC fails to follow the dictates of SSR 19-2p relative to "obesity;" (4) the ALJ's RFC assessment improperly discredited probative evidence; and (5) the ALJ's determination that Plaintiff can perform her past relevant work as an "employment clerk" is based upon flawed hypothetical questions to the VE. Pl. Br. at 16, 18, 25, 27, and 28. This Court will not address the validity of these five substantive claims or the correctness of the administrative determination, in light of its decision to remand.

7

"Moreover, a district court 'cannot look at evidence never presented to the ALJ in determining whether that decision was supported by substantial evidence[.]'" *Miller v. Comm'r Soc. Sec.*, 732 F. App'x 162, 165 (3d Cir. 2018) *(citing Thompson v. Halter,* 45 F. F. App'x 146, 149 n.2 (3d. Cir. 2002)). To qualify for a remand under Sentence Six of § 405(g), a court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." *42 U.S.C. § 405(g)(2006)*; *see also Miller*, 732 Fed. Appx. at 165.

The Third Circuit specified that, a case is properly remanded for consideration of additional evidence under 42 U.S.C. §405(g) if: (1) the evidence is new and not merely cumulative of what is already in the record; (2) that evidence is material and relates to the time period for which benefits were denied; and (3) the claimant demonstrates good cause for not having incorporated the new evidence at the administrative proceeding. *Szubak v. Sec'y of Health & Human Serv.*, 745 F.2d 831, 834 (3d Cir. 1984). "A claimant must satisfy all three requirements of sentence Six (new, material, and good cause) in order to justify a remand." *See Matthews*, 239 F.3d at 549. This Court will examine each element in turn.

The United States Supreme Court has held that evidence is "new" if it was "not merely cumulative of what is already in the record," *Szubak*, 745 F.2d at 833, and "not in existence or available to the claimant at the time of the administrative proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S. Ct. 2658, 110 L. Ed. 563 (1990). Evidence is "material" if it is relevant and probative," with a reasonable possibility that it would have changed the outcome of the ALJ's determination. *Szubak*, 754 F. 2d at 833. "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence

8

of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Id*. The good cause requirement is mandated to protect the administrative process' integrity by preventing claimants from withholding evidence to obtain additional review following an adverse ALJ ruling. *See Id.* at 834.

The evidence presented herein is "new," inasmuch as, it was not available to Plaintiff or the ALJ at the hearing or before the decision was finalized. The late evidence is not merely cumulative; it covers an entire year which the ALJ deemed to be a significant "gap" in Plaintiff's treatment dates. R. 496. Thus, Plaintiff satisfies the first prong of the Sentence Six remand requirements.

Next, this new evidence is material, because it corroborates Plaintiff's hearing testimony that no gap in treatment occurred and that she continued taking prescribed medications during the alleged "gap" in treatment. R.496-98. Although the ALJ stated at the hearing that she would accept Plaintiff's word without "any additional proof of that," R. 516, in her decision, the ALJ relied, in part, on an alleged "gap" in Plaintiff's treatment[6]. R. 32, R. 34. In addition, the new evidence is probative, that is, a reasonable possibility exists that information contained therein would have altered the ALJ's determination. The treatment records from CHS and Quest Diagnostics report on topics the ALJ addressed and addresses Plaintiff's subjective complaints. For example, the new records contain objective findings such as a CT scan of Plaintiff's chest and sinus. R. 143. The notes reference the nature and frequency of Plaintiff's asthma, diabetes, obesity, RA, joint pain, and gait. R. 145, 147, 150, 247, 251, and 250. These records document fifty visits to Plaintiff's physicians: Doctors Shustik, Burkey, Lee, Nguyen, Friedman, Gandhi,

---

[6] The ALJ twice, alluded to Plaintiff's alleged gap in treatment: "the claimant also has a gap in treatment from July 2016 to October 2017," R. 32, and "[s]he has gaps in treatment as well." R. 34.

Johnson, and Bingham[7]. They establish consistent treatment, particularly for Plaintiff's asthma, diabetes, obesity, RA, joint pain, and gait. R. 145, 147, 150, 247, 251, and 250. Clearly the ALJ considered Plaintiff's "gap" in treatment a determining factor in assessing credibility and Plaintiff's RFC. This part of medical imaging and ongoing treatment for multiple impairments has a probability of changing the ALJ's determination, thus, the second prong of the Sentence Six remand is met.

Finally, Plaintiff argues, and this Court agrees, that she has met the "good cause" prong proscribed in 20 CFR § 404.970(b). Pl. Br. at 15; Reply at 2. The delay in obtaining these records was caused by CHS. Plaintiff first requested the records in February 2018, before the administrative hearing Pl. Br. at 15. CHS informed Plaintiff they located no records for the specified time; however, after a second search, requested by Plaintiff's treating physician, CHS found her records. Reply at 2. Plaintiff could not have submitted the records any sooner[8]. This Court will not prejudice Plaintiff who diligently and timely attempted to obtain her records. Thus, the third and final requirement for a Sentence Six remand has been met.

Once evidence meets all three prongs of a Sentence Six remand is entitled to consideration, yet the appeals Council summarily rejected it. R. 2. *Gross v. Comm'r Soc. Sec.*, 653 Fed. Appx. 116, 123 (3d Cir. 2016). (Appeals Council must consider new and material evidence and review

---

[7] During the alleged gap in treatment, Plaintiff visited doctors on: April 11, 2016, R. 53, May 5, 2016, R. 55, September 27, 2016, R. 65, October 7, 2016, R. 71, October 11, 2016, R. 76, October 21, 2016, R. 85, October 26, 2016, R. 96, October 28, 2016, R. 102, October 31, 2016, 105, December 2, 2016, R. 112, December 4, 2016, R. 150, December 6, 2016, R. 136, December 15, 2016, R. 165, December 16, 2016, R. 171, December 22, 2016, R. 176, December 28, 2016, R. 181, February 16, 2017, R. 195, March 8, 2017, R. 200, March 28, 2017, R. 208, April 3, 2017 R. 214, April 13, 2017, R. 218, April 19, 2017, R. 224, May 15, 2017, R. 228, May 19, 2017, R. 233, May 23, 2017, R. 242, June 2, 2017, R. 243, June 15, 2017, R. 247, June 22, 2017, R. 263, June 30, 2017, R. 268, July 2, 2017, R. 274, July 5, 2017, R. 281, July 13, 2017, R. 289, August 17, 2017, R. 294, August 23, 2017, R. 299, October 3, 2017, R. 305, April 3, 2018, R. 313, April 10, 2018 R. 319, April 18, 2018, R. 329, April 24, 2018, R. 336, April 25, 2018, R. 347, May 2, 2018, R. 363, May 15, 2018, R. 369, June 6, 2018, R. 373, June 13, 2018, R. 381, June 14, 2018, R. 391, June 19, 2018, R. 418, June 21, 2018, R. 440, June 26, 2018, R. 448, August 14, 2018, R. 454, and August 17, 2018, R. 467.

[8] Notably, although Plaintiff's treaters were always under CHS, her insurance carrier changed from her insurance through St. Luke's to her husband's. R. 497. This shift, evidently, attributed to the difficulty locating Plaintiff's chart.

the case if the "ALJ's findings are contrary to the evidence currently of record.") *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1254, 1261 (11th Cir. 2007). Rejected new evidence must be explained. *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980) ("Appeals Council must show in its written denial of review that it has evaluated adequately the new evidence"). The Appeals Council's conclusory statement in this instance is not reviewable because it does not shed any light as to how the Council reached its determination. R. 2. In this instance, Appeals Council gives insufficient explanation of how the new evidence supports or contradicts the ALJ's decision or findings for meaningful judicial review, as required. *See Gross*, 653 Fed. Appx. at 123 (3d Cir. 2016); *Ingram*, 496 F.3d at 1261 (11th Cir. 2007); and *Epps*, 624 F.2d at 1273 (5th Cir. 1980).

This Court finds that Plaintiff has satisfied all elements required for a Sentence Six of §405(g) remand. Notably, this Court makes no determination as to the correctness of the ALJ's ultimate determination, but solely is remanding for consideration of Plaintiff's "new evidence," pursuant to Sentence six of 42 U.S.C. §405(g). Upon remand, the Commissioner shall evaluate the new evidence throughout the RFC and sequential evaluation process.

## V. CONCLUSION

The Court finds that this case will be remanded, pursuant to Sentence Six of 42 U.S.C. §405(g). Accordingly, an implementing an Order follows.